IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDDIE OLIVERA,**<br><br>                            Petitioner,<br><br>     v.<br><br>**WARDEN SCRIBBER, Warden,**<br><br>                            Respondent. | CV F-04-5217 OWW WMW HC<br><br>**ORDER GRANTING STAY AND REQUIRING PETITIONER TO FILE STATUS REPORT EVERY THIRTY DAYS** |

   Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. On July 22, 2005, Petitioner filed a request for a stay of these proceedings pending the exhaustion of his state remedies as to additional claims not raised in his present petition.

   On August 30, 2005, the court entered an order granting Petitioner a temporary stay of these proceedings. The court ordered Petitioner to file a status report regarding his petition for writ of habeas corpus filed in the California Supreme Court on May 26, 2005. On September 13, 2005, Petitioner responded to the court's order, stating that he was not yet been informed by the California Supreme Court of any decision on his case.

   A district court does have discretion to hold in abeyance a petition containing only exhausted claims. <u>Calderon v. United States Dist. Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Calderon</u>

1  v. United States District Court (Taylor), 134 F.3d. 981, 988 (9th Cir 1998); Greenawalt, 105 F.3d
2  1268, 1274 (9th Cir. 1997), *cert. denied,* 519 U.S. 1102 (1997).  However, the Ninth Circuit has held
3  that its holding in Taylor in no way granted "district courts carte blanche to stay even fully
4  exhausted habeas petitions."  Taylor, 134 F.3d at 988 n.11.  Rather, a stay should be granted in
5  exceptional cases only: the claims the petition seeks to pursue must be cognizable under § 2254;
6  there must be a likelihood of prejudice to the petitioner should a stay be denied; and there must be
7  no evidence that the motion for a stay is brought to delay, to vex, or harass, or that the request is an
8  abuse of the writ.  See, Fetterly v. Paskett, 997 F.2d 1295, 1301-02 (9th Cir. 1993), *cert. denied*, 513
9  U.S. 914 (1994); see also, Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  In addition,
10 a district cannot stay habeas proceedings indefinitely pending exhaustion in state court as to do so
11 would make this Court's compliance with the Antiterrorism and Effective Death Penalty Act's
12 requirement for prompt resolution of § 2254 petitions impossible.

13   In the present case, the court finds that the claims Petitioner seeks to pursue are cognizable
14 under Section 2254, that there is a likelihood of prejudice to Petitioner if a stay is denied because
15 the statute of limitations may run on his claims, and there is no evidence that Petitioner seeks this
16 stay of any improper purpose.  See Olvera v. Giurbino, 371 F.3d 569, 572 (9th Cir. 2004)
17 (district court abused its discretion by failing to allow defendant to stay his habeas petition so that
18 he could properly exhaust claims without having his petition bared by the statute of limitations).
19 The court concludes, therefore, that the issuance of a stay is proper in this case to allow Petitioner
20 to exhaust his claims before the California Supreme Court.

21   Accordingly, Petitioner is HEREBY GRANTED a stay of this case until his petition for writ
22 of habeas corpus now pending before the California Supreme Court is resolved.  Petitioner shall file
23 with the court and serve on Respondent a status report every thirty (30) days from the date of service
24 of this order, informing the court and Respondent whether his petition before the California Supreme
25 Court has been resolved.  Failure to keep the court informed of the status of the petition before the
26 California Supreme Court will result in the lifting of the stay.

27

28

IT IS SO ORDERED.

| | | |
|---|---|---|
| 1 | **Dated:   September 16, 2005** | **/s/  William M. Wunderlich** |
|  | mmkd34 | UNITED STATES MAGISTRATE JUDGE |