IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE OLIVERA,<br><br>                              Petitioner,<br><br>    v.<br><br>WARDEN SCRIBBER, Warden,<br><br>                              Respondent. | CV F-04-5217 OWW WMW HC<br><br>**ORDER GRANTING STAY AND REQUIRING PETITIONER TO FILE STATUS REPORT**<br><br>[Doc. 49] |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  On August 18, 2006, Petitioner filed a request for a stay of these proceedings pending the complete exhaustion of his state remedies.  Attached to the request is a proof of service on Respondent.  Respondent has not opposed or otherwise responded to Petitioner's request.

    A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, ___ U.S. ___, 125 S.Ct. 1528, 1534, 2005 WL 711587 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997).  However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is]

1  available only in limited circumstances" and "is only appropriate when the district court determines
2  there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at
3  1535. Even if Petitioner were to demonstrate good cause for that failure, "the district court would
4  abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."
5  Id.

6       Unfortunately, Rhines does not discuss what circumstances would constitute "good cause" for
7  a petitioner's failure to exhaust his claims in state court before initiating his federal habeas corpus
8  proceeding. In the present case, Petitioner's counsel provides a declaration stating that he believes
9  that Petitioner, while acting in pro se, did not fully exhaust his claims, including a potential
10 ineffectiveness of counsel claim. This court is not prepared to find that this does not constitute good
11 cause. See Fatherly v. Postcode, 997 F.2d 1295, 1301 (9th Cir. 1993) (abused of discretion found
12 when court denied stay to exhaust newly discovered claims). Further, Respondent has not opposed
13 Petitioner's request for a stay.

14      Accordingly, Petitioner's motion for stay of the proceedings is hereby GRANTED. Petitioner
15 is HEREBY ORDERED to file a status report regarding the progress of his case in the California
16 Supreme Court thirty (30) days from the date of stay of these proceedings and every thirty days
17 thereafter. Further, Petitioner shall immediately inform his court whether his petition has been
18 resolved by the California Supreme Court.

19      In light of this order granting Petitioner a stay, the court's order of August 18 , 2006, requiring
20 Petitioner to file his second amended petition by September 18, 2006, is HEREBY VACATED.

22 IT IS SO ORDERED.

23 **Dated:   September 18, 2006**          **/s/  William M. Wunderlich**
    bl0dc4                              UNITED STATES MAGISTRATE JUDGE