UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE OLIVERA, | CV F 04-5217 OWW WMW HC |
| Petitioner, | MEMORANDUM DECISION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| WARDEN SCRIBBER, | [Doc. 68] |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is proceeding on the second amended complaint filed June 22, 2007. Before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On September 13, 2001, a jury found Petitioner guilty of four counts of assault with a firearm

1

(Pen. Code § 245(a)(2)) and a single count of discharging a firearm at an occupied vehicle (Pen. Code§ 246). The jury also found true allegations that Petitioner had personally used a firearm (Pen. Code §§ 12022.5(a)(1)), and committed the offense as part of a criminal street gang (Pen. Code § 186.22(b)(1)). The court sentenced Petitioner to serve a term of 15 years to life in the state prison.

Petitioner filed a direct appeal from his conviction. On May 21, 2003, the Court of Appeal, Fifth Appellate District, affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which the court denied on July 30, 2003.

Petitioner subsequently filed the following five petitions for post-conviction relief in state court:

1. December 22, 2003: petition for writ of habeas corpus filed in Tulare County Superior Court
   December 23, 2003: petition denied as untimely
2. January 28, 2004: petition for writ of habeas corpus filed in Tulare County Superior Court
   January 30, 2004: petition denied as untimely
3. March 15, 2004: petition for writ of habeas corpus filed in Court of Appeal
   July 1, 2004: petition denied
4. May 26, 2005: petition for writ of habeas corpus filed in California Supreme Court
   April 26, 2006: petition denied
5. October 18, 2006: petition for writ of habeas corpus filed in California Supreme Court
   May 23, 2007: petition denied with citations to In re Robbins, 18 Cal.4th 770, 780, and In re Clark, 5 Cal.4th 750 (1993).

Petitioner filed the present action on February 2, 2004. Petitioner filed a first amended petition on June 18, 2004, and then filed a second amended petition on June 22, 2007.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.

2

1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Tulare County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly

3

established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

**DISCUSSION**

Respondent moves to dismiss the second amended petition for writ of habeas corpus on the ground that it is untimely and barred by the statute of limitations. Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal

4

petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In this case, the California Supreme Court denied review on July 30, 2003. The state appeal process became "final" within the meaning of Section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on October 23, 2003. Supreme Court Rule 13, <u>Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir. 1999). The one-year statute of limitations began running the following day - - July 9, 2003. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent tolling, the last day to file a federal petition was October 23, 2004.

STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. In <u>Nino v. Galaza</u>, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is

5

1  filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v.
2  Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v.
3  Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The
4  Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition
5  to file at the next appellate level reinforces the need to present all claims to the state courts first and
6  will prevent the premature filing of federal petitions out of concern that the limitation period will end
7  before all claims can be presented to the state supreme court. Id. at 1005. The limitations period
8  does not, however, toll for the time during which a petition for writ of habeas corpus is pending in
9  federal court. Duncan v. Walker, 121 S.Ct. 2120 (2001)

In opposing Respondent's motion to dismiss, Petitioner repeatedly asserts that by entering a stay in this case on August 30, 2005, this court stayed the running of the statute of limitations. Petitioner is mistaken. This court merely stayed the progress of the case in this court, it did not stay the running of the statute. Nothing in this court's order referred to staying the running of the statute. Further, as a general matter, the limitations period does not toll for the time during which a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 544 U.S. 167, 181- 182 (2001).

First Two Petitions Filed in Superior Court

In his motion to dismiss, Respondent argues that Petitioner is not entitled to tolling of the statute of limitations by virtue of his two petitions to the superior court. Respondent notes correctly that both petitions were denied as untimely, and argues that they therefore had no tolling effect.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). The

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  United States Supreme Court, in Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361 (2000), held that a
2  habeas application is "filed" "when it is delivered to, and accepted by, the appropriate court officer
3  for placement in the official record." Id. at 363.  A habeas application is "'properly filed' when its
4  delivery and acceptance are in compliance with the applicable laws and rules governing filings." 121
5  S.Ct. at 364.  Examples of the ""laws and rules  governing filings" include "the form of the
6  document, the time limits upon its delivery, the court and office in which it must be lodged, and the
7  requisite filing fees." Id.   A state's "time limits, no matter their form, are 'filing' conditions." Pace
8  v. DiGuglielmo, 544 U.S. 408, 414-417 (2005).  Therefore, if a state court has rejected an
9  application for collateral relief as untimely, "that [is] the end of the matter."  Id. at 414 (quoting
10 Carey v. Saffold, 536 U.S. 214, 226 (2002)).  The application or petition is not properly filed and has
11 no tolling effect.  Pace, 544 U.S. at 417; Saffold, 536 U.S. at 226.

12      The court must agree with Respondent that because Petitioner's two habeas petitions filed in
13 Superior Court were denied as untimely, they were not properly filed and therefore had no tolling
14 effect.  See Pace

15 Petition to Court of Appeal and First Petition to California Supreme Court

16      On February 3, 2004, Petitioner filed his original federal petition with this court.  This had no
17 tolling effect on the statute of limitations.  See Duncan, 544 U.S. at 181- 182 (the limitations period
18 does not toll for the time during which a petition for writ of habeas corpus is pending in federal
19 court).  On March 15, 2004, Petitioner filed a petition for writ of habeas corpus with the Court of
20 Appeal.  As of that date, 144 days had passed since the statute of limitations began running on  July
21 9, 2003.  On July 1, 2004, the Court of Appeal denied the petition.

22      On May 26, 2005, Petitioner filed his first petition for writ of habeas corpus with the
23 California Supreme Court.  This petition was filed 329 days after the Court of Appeal denied the
24 petition to that court.  The issue is therefore whether the running of the statute of limitations was
25 tolled in the period between the denial of the petition by the Court of Appeal and the filing of the
26 petition in the California Supreme Court.

27      In  Carey v. Saffold, 122 S.Ct. 2134 (2002), the Supreme Court determined that under

California's collateral review process, the intervals between a lower court decision and the filing of a new petition in a higher court are within the scope of the statutory word "pending." Id. at 2140. Thus, as in Nino v. Galaza, tolling occurs during the intervals between petitions in the state courts. The Supreme Court examined this principle in light of California's unique original writ system where the timeliness of a petition is determined according to a "reasonableness" standard. Carey v. Saffold, 122 S.Ct. at 2139. Saffold was remanded back to the Ninth Circuit to determine whether Saffold's 4 ½ month delay between state habeas petitions was unreasonable and therefore, insufficient for statutory tolling. Id. Thus, Carey v. Saffold added an additional level of analysis in determining whether a state collateral review petition is "pending" for purposes of statutory tolling. While the intervals between state collateral proceedings are generally entitled to tolling, a California prisoner, such as Petitioner, may not be entitled to such tolling if an "unreasonable" delay existed between the filings of such proceedings.

In Evans v. Chavis, 546 U.S. 189, 126 S.Ct. 846, 854 (2006), the Court found that after the California Court of Appeal had denied habeas relief, there was an unjustifiable delay of at least six months before Chavis filed a habeas corpus petition in the California Supreme Court. In reaching this conclusion, the Court stated that, "Six months is far longer than the 'short period[s] of time' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. *Carey v. Saffold*, *supra*, at 219." Chavis, 126 S.Ct. at 854. See Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006)(holding that delays of eighteen, fifteen and ten months were unreasonable); Culver v. Director of Corrections, 450 F.Supp. 1135, 1140-41 (C.D. Cal. 2006)(determining that delays of 97 and 71 days were unreasonable).

In the present case, Petitioner provides no explanation for the 329-day gap between the denial of the petition by the Court of Appeal and the filing of the petition with the California Supreme Court. In light of the above caselaw, this court finds a 329-day gap to be inherently unreasonable. Therefore, the court further finds that Petitioner is not entitled to statutory tolling for the 329-day gap between the denial of the petition by the Court of Appeal and the filing of the petition with the California Supreme Court.

As stated above, 144 days of the statutory period had passed by the time Petitioner filed his petition with the California Court of Appeal. The Court of Appeal denied the petition on July 1, 2004, and the statute of limitations began running again the next day, on July 2, 2004. The court finds, therefore, that the statute of limitations period expired in February of 2005, before Petitioner filed his first petition for writ of habeas corpus with the California Supreme Court.

<u>The Present Petition</u>

Respondent acknowledges that Petitioner timely filed his original federal petition on February 3, 2004, and his first amended petition on June 18, 2004. He argues correctly, however, that the statute of limitations was not tolled as a result of those filings. See <u>Duncan v. Walker</u>, 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001)(" § 2244(d)(2) does not toll the limitations period during the pendency of a federal habeas petition"); <u>Calderon v. United States Dist. Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (*en banc*) (noting that equitable tolling will not be available in most cases, and will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). Therefore, Petitioner's second amended petition, filed June 22, 2007, was filed after the expiration of the statute of limitations in February of 2005.

Respondent further contends that Petitioner's second amended petition filed in this court does not relate back to the filing of the original petition. As Respondent explains, Petitioner presents four new claims in his second amended petition  The four claims Petitioner asserts in his second amended petition are the claims he presented to the California Supreme Court in his second petition for habeas corpus. These four claims are: 1) the California Street Terrorism Enforcement and Prevention Act ("the STEP Act") is unconstitutionally vague; 2) enhanced penalties based on gang affiliation violate equal protection; 3) the STEP Act violates Petitioner's First Amendment right of association; 4) use of law enforcement officers as expert witnesses on criminal street gangs implicates principles of fairness so as to violate due process. Respondent argues that Petitioner has not carried his burden on demonstrating that these claims relate back to the same core of operative facts of the claims raised in his first amended petition.

In <u>Mayle v. Felix</u>, 545 U.S. 644, 650 (2005), the Court addressed the same issue of whether

9

an amended petition filed after the expiration of the statute of limitations period related back to the original petition.  In the original petition, the petitioner brought a confrontation clause claim regarding the admission in his murder trial of videotaped testimony of a witness for the prosecution.  In the amended petition, the petitioner sought to challenge the admission of inculpatory statements he made during pretrial police interrogation under the privilege against self-incrimination.   Thus, his two claims both involved the admission of out-of-court statements during the prosecution's case in chief.  The petitioner argued that the two claims arose out of the same "conduct, transaction or occurrence," because they both arose out of the same criminal conviction.  The United States Supreme Court rejected this claim, finding that the new, second ground for relief arose out of facts different in both time and type from those set forth in the original pleading.

In this case, the court must agree with Respondent.  Despite having the opportunity to do so in opposition to the motion to dismiss, Petitioner did not address the issue.  Petitioner therefore has not carried his burden of showing that the new claims raised in his untimely second amended petition relate back to the claims raised in his timely first amended petition.  Accordingly, the court finds that these new claims are barred by the statute of limitations and must be dismissed.

The court notes that Respondent is incorrect in asserting that Petitioner has dropped the claims made in his first amended petition.  As Petitioner explains in his opposition, he included express language in his second amended petition stating that he was retaining his original claims.  Thus, the dismissal of the new claims raised in second amended petition does not resolve this entire case.   This case now goes forward on the claims raised in the first amended petition filed June 18, 2004, to which Respondent filed an answer on March 21, 2005.  The matter having been fully briefed, the court will issue a decision on the merits as soon as possible.

Based on the foregoing, IT IS HEREBY ORDERED as follows:
1) Respondent's motion to modify the briefing schedule is GRANTED nunc pro tunc [Doc. 67];
2) Respondent's motion to dismiss is GRANTED and the Clerk of the Court is directed to terminate that motion [Doc. 68];

10

1  2)      Petitioner's second amended petition is DISMISSED as barred by the statute of limitations;

2  3)      This case goes forward only on the claims raised in the first amended petition.

9  IT IS SO ORDERED.

10  **Dated:    March 26, 2008**                        **/s/ Oliver W. Wanger**
                                                                                UNITED STATES DISTRICT JUDGE

11